UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIE AMES,<br><br>                              Petitioner,<br><br>                    -v.-<br><br>THE PROSECUTOR[1],<br><br>                              Respondent. | 25 Civ. 00455 (JHR) (SDA)<br><br><u>ORDER ADOPTING REPORT</u><br><u>AND RECOMMENDATION</u> |

JENNIFER H. REARDEN, District Judge:

Pursuant to 28 U.S.C. § 2254, Petitioner Willie Ames, acting *pro se*, filed a petition for a writ of habeas corpus in connection with his July 12, 2019 state-court conviction of assault in the second degree as a hate crime, assault in the third degree as a hate crime, and aggravated harassment in the second degree. *See* Pet. at 2. Before the Court is the Report and Recommendation of Magistrate Judge Stewart D. Aaron recommending that the Court grant Respondent's motion to dismiss, ECF No. 10. *See* ECF No. 15 (Rep.) at 5. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Aaron's recommendation in its entirety.

## BACKGROUND[2]

Petitioner brought this action on January 13, 2025, seeking a vacatur of his state-court convictions, on the grounds that (1) the prosecutor "committed misconduct in obtaining [Petitioner's] Indictment"; (2) the prosecutor "suborned perjury" during Petitioner's trial; (3) the

---

[1] Petitioner did not identify a respondent by name in the Petition. *See* ECF No. 1 (Pet.) at 1. On February 18, 2025, Assistant Attorney General Margaret A. Cieprisz appeared on behalf of the New York State Attorney General's Office as Respondent. ECF No. 9.

[2] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* ECF No. 41.

prosecutor "committed a *Brady* violation by withholding evidence from Defendant"; and (4) the Petitioner "received ineffective assistance of trial counsel." Pet. at 6, 8, 9, and 11. Petitioner further stated that he is "no longer confined." Pet. at 1.

On February 13, 2025, the Court referred the Petition to Magistrate Judge Aaron for a Report and Recommendation. *See* ECF No. 34. On the same day, the Court directed the Attorney General of the State of New York and the Manhattan District Attorney to respond to the Petition and permitted Petitioner to file any reply within sixty days of service of their answer. ECF No. 7. On April 14, 2025, the Attorney General of the State of New York ("Respondent") filed a motion to dismiss "on the ground that [Petitioner] failed to meet the jurisdictional requirement that he be in custody under the state judgment that he challenges when he filed the habeas petition." ECF No. 10 at 1. On June 24, 2025, Judge Aaron ordered Petitioner to respond to the motion by July 24, 2025 and cautioned that, "[o]therwise, the Court will make its recommendation on the current papers." ECF No. 14. Petitioner did not respond to the motion or to Judge Aaron's June 24, 2025 Order.

On August 4, 2025, Judge Aaron issued a six-page Report and Recommendation recommending that the Court grant Respondent's motion to dismiss. *See* Rep. at 5. The Report and Recommendation notified the parties that they had "fourteen (14) days (including weekends and holidays) from service . . . to file written objections." *Id.* The Report and Recommendation also cautioned that, "**THE FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW.**" *Id.* at 6. No objections have been filed, nor has any request to extend the time to object been made.

**DISCUSSION**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025). With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Notwithstanding a direct warning that "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections . . . on appeal," Rep. at 21, Petitioner did not file any objections to the Report and Recommendation. Thus, Petitioner waived the right to judicial review. *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

3

The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error.  The Report and Recommendation is "well reasoned and grounded in fact and law."  *See, e.g., Fredricks*, 2025 WL 1018870, at *1.

## CONCLUSION

Accordingly, the Court adopts the Report and Recommendation in its entirety and, for the reasons set forth therein, grants Respondent's motion to dismiss the Petition.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c); *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).  Moreover, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that "any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is thus denied" for the purpose of an appeal.  *See Tashman v. Kijakazi*, No. 21 Civ. 0801 (JMF), 2022 WL 3159318, at *2 (S.D.N.Y. Aug. 8, 2022) (citing *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)).

The Clerk of Court is directed to dismiss the Petition, mail a copy of this Order to Petitioner, and close this case.

SO ORDERED.

Dated: October 31, 2025
New York, New York

JENNIFER H. REARDEN
United States District Judge

4